IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## WESTERN DIVISION.

---

### JACKSON, APRIL TERM, 1903.

---

### RAILROAD COMPANY *v.* SMITH.

### (*Jackson.* April Term, 1903.)

1. **COMMON CARRIERS.** Liable only for wanton injury, where there is no relation of carrier and passenger.

   If the relation of passenger and carrier has never been established, or if it has been forfeited by the passenger, the carrier owes him no duty, and will be liable to him only for willful, wanton or intentional injury. (*Post, pp.* 201-202.)

2. **SAME.** Relation of carrier and passenger is not established, when.

   Where a person boards a train without a ticket, and when the conductor in uniform passes through the car calling for, and taking up the tickets and fares, it is the duty of such person, when the

Railroad v. Smith.

conductor approaches him, to tender the fare in money, and to
notify the conductor of his destination, and when he fails to do
so, and the conductor fails to discover him, the relation of
carrier and passenger is not established.    (*Post, pp.* 202-203.)

3.  **SAME.** **Duty** of conductor to look after whom as passengers,
    when.

When the conductor has called for tickets, and ascertained the
destination of passengers, he can only be required to see after
those, whom, by proper diligence, he has been able to discover,
and not after those who evaded or neglected to pay fare or
notify him of their destination, and especially is this true of
persons who enter or leave the coach improperly, and at a point
where they can not be seen by the conductor.    (*Post, p.* 203.)

### FROM TIPTON.

Appeal in error from the Circuit Court of Tipton
County.—THOS. J. FLIPPIN, Judge.

CHARLES B. SIMONTON & SON and FENTRESS &
COOPER, for Railroad Company.

R. W. SANFORD, for SMITH.

MR. JUSTICE WILKES delivered the opinion of the
Court.

This is an action for damages for personal injuries.
It was tried before a jury in the court below, and there
was a verdict and judgment for $1,000.   There was an
error in the original judgment, for which it was re-

Railroad v. Smith.

versed by this court, and on remand the judgment was corrected.  The railroad company has appealed and assigned errors.

The facts, so far as necessary to be stated, are that plaintiff was a young lady nineteen years of age, and resided with her father at Brighton, a station seven miles south of Covington on the Illinois Central Railroad.  She went to Covington on the twenty-ninth of November, 1900 (Thanksgiving Day), with her brother, Elmer, a lad twelve years of age.  In the evening she went with him to the station, expecting to send him home, and to remain all night in Covington herself. Her brother was not willing to return home without her, and, after much time spent in vain efforts to persuade him, they got upon the train together, not having bought any tickets, she giving as a reason that she was trying to persuade her brother to go alone until too late to get tickets, and, moreover, that she thought the money would be as good as a ticket.  She and her brother entered the rear end of the ladies' coach with other passengers, and took seats; she says near the back end, he says about the middle of the coach.  She was accustomed to riding on the train, and often went from her home to Covington and Memphis, and had gone upon the same evening train on previous occasions when she had tickets.  She made no inquiry whether the train would stop at Brighton, her destination.  She knew that that station was a flag station, and trains did not stop there unless there were passengers to get off of the

train, or the train was flagged to let passengers on.

The coach was full of passengers. They (the sister and the brother) state that they had their fares in their hands, but the conductor did not call upon them for tickets nor the passage money, nor did they offer it to him, nor tell him that they wanted to stop at Brighton. The conductor says he passed through the train between Covington and Brighton, and called for and took up tickets and fares. He was in uniform, and stated that as he approached the passengers' seats he would call for tickets, and take up all that were offered, or that he could discover. The porter was with him, and says that as the conductor would go through the cars he would call out "Tickets." No ticket for Brighton was presented, and no fare paid to that point by anyone; and the conductor says he did not know that anyone desired to get off at Brighton, and he would not have stopped there, if it had not been that the train was flagged to stop and let on a United States mail inspector, who was there waiting for a train. At Covington, the conductor, when the train stopped, had gone immediately to the ticket office for telegraph orders, and did not assist passengers to board the train, though quite a number got on.

As the train approached Brighton, it was flagged and signaled to stop, and the conductor entered the front door of the ladies' coach, and called out "Brighton." No person arose or indicated a purpose to get off. The conductor stepped down on

Railroad v. Smith.

the platform at the front end of the car, the usual place for passengers to alight, and stood ready to help passengers on or off; and, after seeing the waiting mail agent get on the car, signaled the engineer to go ahead, and the train started.

After the conductor passed out of the front door, plaintiff, with her brother, went out of the rear end of the coach, which was somewhat dark, and proceeded to alight. The train started as she was stepping from the bottom step, and she fell on the platform, a smooth crushed-stone surface, and broke her thigh bone, causing a serious injury. It appears that her brother stepped off the cars after she did, and reached the ground safely.

The trial judge charged the jury, in substance, that the company, under the circumstances of the case, owed the plaintiff ordinary care and prudence to see that she was not injured, and this was due her, though she had never paid her fare, or offered to do so, and though she attempted to leave the car without paying, and forfeited all rights as a passenger, that the duty of the company in such case was one of ordinary diligence, and not the highest kind of diligence required towards passengers who had paid fare; and, if the conductor did not stop a reasonable time for all passengers to alight, the company would be liable.

We are of opinion that the court was in error in part of this instruction. If the relation of carrier and passenger had never been established, or if it had been for-

feited by the passenger, the company owed her no duty, and would be liable to her only for willful, wanton, or intentional injury.

We cannot see how the company was under any obligation to hold the train for the plaintiff to alight beyond the usual halt, which the conductor says was made, when the conductor did not know, and without his fault could not know, that she wanted to alight, or that she was a passenger, or that any passenger intended to alight; and this is all conceded by the plaintiff herself. He had adopted all the usual precautions to ascertain if there were any passengers for Brighton, and the usual, though apparently unnecessary warnings for any to alight that might be aboard. The plaintiff left the car at an unusual place—the rear of the coach —in the night, and was not, and could not be, seen by the conductor from his usual place of observation, and he was totally ignorant that she was on the train and wanted to get off. We are unable to see any negligence on the part of the conductor, or any duty the company was under to plaintiff. If he had seen her, and recognized that she was attempting to alight, he would have been under obligation to give her reasonable time to get off; but, not knowing anything whatever of her, there could be no obligation to wait for her—certainly not longer than the usual halt.

We are of the opinion that a conductor upon a train of a commercial road cannot be required absolutely to see and know at all hazards every person who may

Railroad v. Smith.

attempt to get on and off his train. He cannot be at each entrance to each coach, and see each person who may attempt to enter or leave. When he has called for tickets, and ascertained the destination of his passengers, he can only be required to see after those whom, by proper diligence, he has been able to discover, and not after those who have evaded or neglected to pay fare or to notify him of their destination; and especially is this true of persons who enter or leave the coach improperly, and at a point where they cannot be seen by the conductor. It is the duty of the passenger, when the conductor approaches him collecting fares and calling for them, to tender his ticket or money, and, in the latter event, to notify the conductor of his destination; and the conductor must take notice of the destination of each passenger known to him, or that, in the discharge of his duty, he may be able to discover, but cannot be held liable for those who do not come under his notice by evading payment of fare.

We are of opinion there is error in the judgment of the court below upon the features indicated, and it is reversed, and the cause remanded for a new trial. Appellee will pay costs of appeal.